IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LORA M. BAKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:04-CV-178 |
| BIGELOW MANAGEMENT, INC., | § | |
| BIGELOW COLORADO LIMITED | § | |
| LIABILITY COMPANY D/B/A | § | |
| BUDGET SUITES OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Pending before the court is the Plaintiff's motion for attorneys' fees and costs and brief in support (docket entry #118). Having considered the Plaintiff's motion, the Defendants' response (docket entry #119), the Plaintiff's reply (docket entry #123) and the Defendants' sur-reply thereto (docket entry #121), the court is of the opinion that the Plaintiff's motion for attorneys' fees and costs should be granted in part.

## ATTORNEYS' FEES

"Title VII provides that a court may, in its discretion, award the 'prevailing party' in any action under that subchapter 'a reasonable attorney's fee.'" *Nelson v. Sisters of Charity of the Incarnate Word, Houston, Texas*, 967 F.Supp. 929, 931 (S.D. Tex. 1997), quoting 42 U.S.C. § 2000e-5(k).[1] On July 1, 2005, after a five day trial, a jury found in favor of the Plaintiff on her

---

[1] "The standards for awarding attorneys' fees under Title VII are the same as those under 42 U.S.C. § 1988." *Nelson*, 967 F.Supp. at 931 n. 1, citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7,

claims of sexual harassment by a co-worker and constructive discharge and awarded damages in the amount of $10,820 for mental anguish and emotional distress. As such, the court finds that the Plaintiff is a "prevailing party" entitled to an award of reasonable attorneys' fees.

"The determination of what is a 'reasonable attorney's fee' is left to the discretion of the trial court." *Nelson*, 967 F.Supp. at 931. The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorneys' fees. *Id*. The "lodestar" is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Second, in assessing the "lodestar" amount, the court must consider the twelve *Johnson* factors before final fees can be calculated. *Id*.

> The *Johnson* factors are:
>
> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n. 23, citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

After considering the twelve *Johnson* factors, the court may adjust the "lodestar" upward or downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). "If the plaintiff obtained limited success, the hours reasonably spent on the case times the reasonable hourly rate may be

---

103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983).

excessive." *Virginia McC v. Corrigan-Camden Independent School District*, 909 F.Supp. 1023, 1032 (E.D. Tex. 1995)(Heartfield, J.). "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success obtained." *Giles v. General Electric Co.*, 245 F.3d 474, 491 n. 31 (5th Cir. 2001), quoting *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "'The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'" *Virginia McC*, 909 F.Supp. at 1032, quoting *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941.

## A. LODESTAR

### 1. *Hours Expended*

The Plaintiff seeks $287,415.00 in attorneys' fees for 1,149.1 hours expended. The hours expended are divided as follows:

```
Peggy Moore . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 687.5 hours
Gabriel Robles . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .53.0 hours
Kassi Marks. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 408.6 hours.[2]
```

For the reasons stated below, counsel expended an unreasonable number of hours on this case.

#### a. **Peggy Moore**

Having reviewed Ms. Moore's time records (54 pages in total), the court "finds that the hours of attorney time purportedly expended in this case are not within the range of reasonableness for the tasks performed in connection with this litigation." *Lewis v. Hurst*

---

[2]Ms. Marks actually expended 514.5 hours on this case. However, in an effort not to bill for duplicative, non-productive and clerical time, she reduced her total hours by 105.9 hours.

*Orthodontics, PA*, 292 F.Supp.2d 908, 910 (W.D. Tex. 2003). First, Ms. Moore expended 10.2 hours preparing the Plaintiff's response to the Defendants' motion to dismiss. Although not unreasonable on its own, the court notes that Ms. Marks expended approximately 20.8 hours preparing a response to the same motion. Second, as noted by the Defendants, Ms. Moore expended 4.8 hours summarizing Dennis Scroggins's deposition. However, Scroggins's deposition only lasted 45 minutes. Third, Ms. Moore claims that she expended 14.3 hours traveling to Sherman and attending the final pretrial conference. The conference lasted four (4) hours. Given that Ms. Moore works approximately one hour from the courthouse, Ms. Moore overstated this expenditure of time by approximately 8.3 hours.

Fourth, Ms. Moore expended between 16.5 and 19 hours per day over a period of three days at trial and preparing for trial. The court concludes that Ms. Moore overstated her trial time. Finally, Ms. Moore expended 86.3 hours corresponding with opposing counsel and others. However, Ms. Moore often expended thirty minutes reviewing a brief letter from opposing counsel. Such an expenditure of time is unreasonable and should be reduced by one-half. Based on the foregoing, the court finds that a more reasonable expenditure of time for Ms. Moore was 609.55 hours.

### b. Gabriel Robles

Mr. Robles expended 53 hours on this case, 6.7 of those hours expended on preparing for and attending a mediation session conducted by the Equal Employment Opportunity Commission. Although not unreasonable on its own, Mr. Robles's efforts were duplicative of Ms. Marks's efforts in that Ms. Marks expended 11.5 hours preparing for and attending the same mediation session. Based on the foregoing, the court finds that a more reasonable expenditure of time for Mr. Robles was 49.3 hours.

### c. Kassi Marks

As noted above, Ms. Marks expended 20.8 hours preparing the Plaintiff's response to the Defendants' motion to dismiss. This is excessive in light of the time expended on the same pleading by Ms. Moore. Further, Ms. Marks expended 11.5 hours preparing for and attending a mediation session conducted by the Equal Employment Opportunity Commission. This is excessive in light of the time expended by Mr. Robles preparing for and attending the same mediation. Additionally, Ms. Marks claims that she expended 12.3 hours traveling to Sherman and attending the final pretrial conference. The conference lasted four (4) hours. Given that Ms. Marks works approximately one hour from the courthouse, Ms. Marks overstated this expenditure of time by approximately 6.3 hours.

Further, Ms. Marks expended between 14.5 and 17 hours per day over a period of three days at trial and preparing for trial. The court concludes that Ms. Marks overstated her trial time and duplicated the efforts of Ms. Moore. Based on the foregoing, the court finds that a more reasonable expenditure of time for Ms. Marks was 378 hours.

### 2. *Prevailing Hourly Rate*

Based on affidavits submitted to the court, the attorneys seek to be compensated at the following hourly rates:

    Peggy Moore . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $300/hour

    Gabriel Robles . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$325/hour

    Kassi Marks. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $150/hour.

The Defendants do not contest Ms. Marks or Mr. Robles' hourly rates. Based on their respective levels of experience, the court finds that the hourly rates submitted by Ms. Marks and Mr. Robles

are reasonable.[3]

The Defendants, however, contest Ms. Moore's hourly rate. Ms. Moore was licensed to practice law in the State of Texas in 1991. Ms. Moore avers that she has 14 years of employment law experience.

Ms. Moore avers that her time should be compensated at a rate of $300 per hour. In support of her suggested hourly rate, Ms. Moore has attached the affidavits of Grace Weatherly and Betty Brown. However, the court notes that both Ms. Weatherly and Ms. Brown are board certified in Labor and Employment Law. Ms. Weatherly has been continuously engaged in the practice of civil litigation and employment law for 12 years. Ms. Weatherly averred that her hourly billing rate is $300 per hour for legal services performed on litigation matters and that her fee is reasonable and customarily charged in the Denton, Texas community for employment litigation matters, especially in federal court.

Ms. Brown has focused her practice on employment and business litigation matters for 16 years. Ms. Brown averred that her hourly billing rate on employment and litigation matters was $250 per hour but she recently increased her hourly rate to $300. Ms. Brown further averred that such fees are reasonable and customarily charged in Denton County, Texas by attorneys experienced in employment litigation matters in both state and federal court. Neither Ms. Weatherly nor Ms. Brown addressed Ms. Moore's ability or experience. *See Lewis*, 292 F.Supp.2d at 911.

Based on the foregoing, the court concludes that Ms. Moore's experience level is not

---

[3]The court notes that the Defendants have requested that the hourly rate for all of the attorneys' fees be computed at $150/hour. The Defendants, however, did not provide any basis for reducing Mr. Robles's hourly rate. Mr. Robles was licensed to practice law in the State of Texas in 1983. He has extensive employment law experience. As such, the court finds no reason to reduce Mr. Robles's requested hourly rate.

commensurate with that of Ms. Weatherly or Ms. Brown. *See id.* The court takes judicial notice that the State Bar of Texas Department of Research & Analysis compiles an hourly report, detailing attorney hourly rates by years in practice, location and type of practice. *Id.* Based on the latest report available (published May 6, 2005, analyzing rates charged during the 2003 calendar year), the court finds that in 2003, a reasonable and customary hourly rate for Ms. Moore ranged from $175 to $245 per hour. *See id.* Assuming and applying a 5% increase to these rates, a reasonable and customary 2004 and 2005 hourly rate for Ms. Moore ranged from $183.75 to $257.25 per hour. *See id.* The court finds that an hourly rate of $220 per hour represents a reasonable and customary hourly rate for Ms. Moore.

Accordingly, pursuant to the lodestar analysis, the attorneys' fees are as follows:

1. Peggy Moore – 609.55 hours × $220/hour = $134,101;
2. Gabriel Robles – 49.3 hours × $325/hour = $16,022.50; and
3. Kassi Marks – 378 hours × $150/hour = $56,700.

The total lodestar amount is $206,823.50.

### B.   THE *JOHNSON* FACTORS

In analyzing the *Johnson* factors, the court finds that the requested fee is unreasonable. The court further finds that the reduced fee under the lodestar analysis is unreasonable as well.

#### 1.   *Time and Labor*

The time and labor required for this relatively straightforward lawsuit should not have been excessive. However, the court notes that the parties were contentious; the attorneys oftentimes disparaged each other rather than arguing the issues at hand. Neither side appeared to be courteous

or cooperative. Certainly, such behavior caused an unnecessary multiplication of attorneys' fees for both sides.

### 2. *Novelty and Difficulty of Issues*

This employment discrimination case was not particularly difficult. None of the issues presented were novel or difficult. The Plaintiff argues that her constructive discharge claim was a difficult claim to prevail upon; however, in light of Mr. Robles and Ms. Moore's representation to the court that their expertise lies in the area of employment law, the court is not persuaded by the Plaintiff's argument. *See Lewis*, 292 F.Supp.2d at 910.

### 3. *Skill Required*

The court finds that counsel were adequately skilled and otherwise qualified to pursue this employment case. *See id.* at 910.

### 4. *Preclusion of Other Employment*

Both Ms. Moore and Ms. Marks argue that working on this case precluded them from accepting new employment opportunities. Counsel argues that the Defendants' trial tactics increased their work load. However, "[t]his was not a complex case and should not have caused counsel to limit the number of cases counsel could handle at any given time." *Lewis*, 292 F.Supp.2d at 911. "The case did not involve a demanding area of the law and if counsel chose to spend a considerable amount of time on this case to the exclusion of others, it was a choice, not necessitated by the nature of the case." *Id*.

### 5. *Customary Fee*

This factor is part of the "lodestar" analysis and need not be considered again.

### 6. *Whether the Fee is Fixed or Contingent*

The Plaintiff acknowledges that she entered into a contingency fee agreement. However, the Plaintiff did not provide the court with a copy of the agreement, nor did the Plaintiff provide the court with the terms of the agreement. The court notes that under a typical contingency fee arrangement, counsel for the Plaintiff would receive far less than the fee requested.

### 7. *Time Limitations Imposed by the Client or Circumstances*

This factor is not applicable to the instant action.

### 8. *Amount Involved and Results Obtained*

According to the Plaintiff's second amended and supplemental complaint, the following causes of action were alleged:

(1) Assault and battery;
(2) Intentional infliction of severe emotional distress and humiliation;
(3) Employment discrimination/sexual harassment by a co-worker (Gary Green);
(4) Employment discrimination/sexual harassment by a customer or tenant;
(5) Race discrimination;
(6) Retaliation; and
(7) Constructive discharge.

The Plaintiff subsequently chose not to pursue her claims for assault and battery, intentional infliction of emotional distress and humiliation, and retaliation. After the court ruled on the Defendants' motion for partial summary judgment, the only issues remaining for trial were (1) employment discrimination/sexual harassment by a co-worker (Gary Green); (2) employment discrimination/sexual harassment by a customer or tenant; and (3) constructive discharge.

At trial, the Plaintiff requested damages in the amount of $278,000. Although the jury found that a co-worker had sexually harassed the Plaintiff and that the Plaintiff was constructively discharged from her employment, the jury rejected the Plaintiff's requested damage amount,

awarding the Plaintiff $10,820 for her mental anguish and emotional distress. Also, although the jury indicated a desire to compensate the Plaintiff for back pay, the jury was not entitled to do so because the Plaintiff failed to present testimony regarding the same.

Based on the foregoing, the court concludes that the lodestar is not proportionate to the degree of success obtained. *See Lewis*, 292 F.Supp.2d at 913. Of the Plaintiff's initial seven causes of action, the Plaintiff ultimately prevailed on two causes of action. Accordingly, the Plaintiff prevailed on 28.57% of her claims. However, since the Plaintiff chose not to pursue three of her claims prior to the Defendants expending time and effort on the same, the Plaintiff prevailed on 50% of the claims she ultimately chose to pursue. The court notes, though, that the Plaintiff received only 3.89% of her requested damages.

Based on the foregoing, the court finds that the lodestar amount of $206,823.50 should be reduced. Since the Plaintiff was approximately 30% successful, the Plaintiff should receive 30% of the lodestar. Accordingly, the Plaintiff is awarded attorneys' fees in the amount of $62,047.05 to be distributed as follows:

- **PEGGY MOORE** – $40,230.30;
- **GABRIEL ROBLES** – $4,806.75; and
- **KASSI MARKS** – $17,010.00.

### 9. *Experience, Reputation and Ability of the Attorneys*

The court has already considered this factor in determining the "lodestar."

### 10. *Undesirability of the Case*

The court has already considered this factor in determining the "lodestar."

### 11.    *Nature and Length of the Professional Relationship with the Client*

This factor is not applicable to the instant action.

### 12.    *Awards in Similar Cases*

The Plaintiff did not achieve exceptional results in this case. Accordingly, this factor does not merit an enhancement of the "lodestar" multiplier. *See Lewis*, 292 F.Supp.2d at 912.

## COSTS

The Plaintiff is also seeking an award of costs in the amount of $12,497.13. The Plaintiff seeks reimbursement for the following:

1. Courier fees;
2. Copy expenses;
3. Fees of the clerk;
4. Medical records;
5. Police records;
6. Postage;
7. Deposition fees;
8. Parking fees;
9. Subpoena fees;
10. Hotel expenses;
11. Meals;
12. Airline ticket for a witness;
13. Psychological evaluation fees;
14. Expert witness fees; and

    15.    Mediation fees.

The recovery of costs is limited to those items listed in the cost statute, 28 U.S.C. § 1920. The statutory items are as follows:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The vast majority of the Plaintiff's requests are not recoverable under 28 U.S.C. § 1920. Section 1920 does not provide for an award of courier fees, hotel expenses, parking fees, postage fees, mediation fees, meals, airline ticket fees or an expert witness's psychological evaluation. Accordingly, all such fees are disallowed.

The Plaintiff requests expert witness fees in the amount of $1,000. However, the statute allows for the recovery of compensation for court appointed experts only. Further, the Plaintiff failed to substantiate her request with any documentation. Accordingly, the fee is disallowed.

Additionally, the Plaintiff requests a substantial award for copy costs. The Plaintiff, however, only substantiated $371.89 in photocopying expenses. Since the court finds that the copies were necessarily obtained for use in this case, the Plaintiff may recover $371.89 in photocopying expenses.

The Plaintiff also requests a substantial award for deposition costs. The Plaintiff, however, only substantiated $1,831.50 in deposition costs. Since the court finds that the depositions were necessarily obtained for use in this case, the Plaintiff may recover $1,831.50 in deposition costs.

The Plaintiff also seeks to recover certain miscellaneous expenditures which are as follows: criminal history records ($145.80); pharmaceutical records ($52.00); and medical records from Dr. Beste ($25.00). The Plaintiff, however, did not explain why copies of these records were necessary for use in this case. Accordingly, these costs are disallowed.

Finally, the Plaintiff seeks to recover subpoena fees ($290.00) and fees of the clerk ($369.00). As both fees represent recoverable costs, the Plaintiff may recover said fees. The remainder of the Plaintiff's requests are disallowed as unsubstantiated.

## CONCLUSION

Based on the foregoing, the Plaintiff's motion for attorneys' fees and costs (docket entry #118) is **GRANTED IN PART**. The Defendants' request for a hearing is **DENIED**. The Plaintiff is awarded attorneys' fees in the amount of $62,047.05 to be distributed as follows:

- **PEGGY MOORE** – $40,230.30;
- **GABRIEL ROBLES** – $4,806.75; and
- **KASSI MARKS** – $17,010.00.

The Plaintiff is awarded costs in the amount of $2,862.39.

IT IS SO ORDERED.

**SIGNED this the 24th day of March, 2006.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE