IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LORA M. BAKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:04-CV-178 |
| BIGELOW MANAGEMENT, INC., | § | |
| BIGELOW COLORADO LIMITED | § | |
| LIABILITY COMPANY D/B/A | § | |
| BUDGET SUITES OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR NEW TRIAL**

The following is pending before the court:

1. Defendants' motion for new trial (docket entry #127);

2. Plaintiff's objections and response to Defendants' motion for new trial and brief in support (docket entry #128);

3. Defendants' reply to Plaintiff's objection to Defendants' motion for new trial (docket entry #129); and

4. Plaintiff's objection and sur-reply to Defendants' reply to Plaintiff's objections and response to Defendants' motion for new trial and brief in support (docket entry #130).

Having considered the Defendants' motion and the responsive briefing thereto, the court finds that the motion should be denied.

The Defendants are seeking a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. The Defendants argue that the court committed harmful error by excluding the testimony of Howard Cooper and Anthony Madlock as well as the records from Motel 6. The Defendants

further argue that the exclusion of such evidence was an abuse of the court's discretion and substantially prejudiced the Defendants. Finally, the Defendants argue that the court's erroneous exclusion of such evidence affected the jury's verdict.

"'A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence.'" *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998), quoting *Dotson v. Clark Equip. Co.*, 805 F.2d 1225, 1227 (5th Cir. 1986) (remaining citations omitted). The court must affirm the jury's verdict unless the evidence, viewed in the light most favorable to the verdict, is "'so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary [conclusion].'" *Id.*, quoting *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 987 (5th Cir. 1989) (remaining citation omitted).

Here, the jury found that the Plaintiff was sexually harassed by a co-worker. The jury further found that the Plaintiff was constructively discharged from her employment at Budget Suites. After reviewing the evidence presented at trial in the light most favorable to the verdict, the court finds that the jury's verdict was not against the great weight of the evidence.[1] Accordingly, the Defendants' motion for new trial is **DENIED**.[2]

In the event the court denied the Defendants' motion for new trial, the Plaintiff requested the opportunity to move for reasonable and necessary attorneys' fees which were incurred in the preparation of her responsive briefing to the Defendants' motion. The Plaintiff must submit her request by June 23, 2006 at 5:00 p.m.

---

[1] For the reasons stated at trial, the court concludes that the testimony of Mr. Cooper and Mr. Madlock, as well as certain Motel 6 records, were properly excluded.

[2] The court notes that the Defendants did not present any argument that the verdict was against the great weight of the evidence.

IT IS SO ORDERED.

**SIGNED this the 8th day of June, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE